UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM AMMONS |
|
      Plaintiff, |
|
v. |
|
|
CHICAGO BOARD OF EDUCATION, |
|
      Defendant. |
|

## **COMPLAINT**

    NOW COMES the Plaintiff, KIM AMMONS, by and through her attorney, CHIQUITA HALL-JACKSON of HALL-JACKSON & ASSOCIATES, P.C., complains of the Defendant, CHICAGO BOARD OF EDUCATION as follows:

## **INTRODUCTION**

1. This is an action for employment discrimination based on disability brought under The Americans with Disabilities Act ("ADA"). Also, to redress for Defendant's unlawful employment practices and retaliation against the Plaintiff under Title VII.

## **JURISDICTION AND VENUE**

2. Jurisdiction over the statutory violation alleged is conferred as follows: ADA claims by 42 U.S.C.A. § 12102 and 42 U.S.C.A. § 12112; Retaliation claims by 29 U.S.C. § 2615 and Title VII, 42 U.S.C. § 2000e-3(a).

3. Venue is proper in this district pursuant to 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## **PARTIES**

4. The Plaintiff is KIM AMMONS (KIM) of the county of COOK, in the state of ILLINOIS.

5. The Defendant is CHICAGO BOARD OF EDUCATION (THE BOARD), who address is One North Dearborn, Chicago, IL, 60602.

**PROCEDURAL BACKGROUND**

6. On or about December 30, 2015, Plaintiff filed a charge against Defendant with Illinois Department of Human Rights (IDHR), alleging that Defendant discriminated against her on the basis of her disability and in retaliation. (Exhibit A)

7. It is the policy of both the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) to cross-file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case.

8. On or about February 4, 2016, Plaintiff received a Notice of Right to Sue letter from the EEOC, which allowed Plaintiff to commence a civil action with the appropriate Court within 90 days of his receipt of the letter. (Exhibit B)

9. Plaintiff is filing her original complaint within 90 days of receiving the Notice of Right to Sue Letter.

**STATEMENT OF FACTS**

10. KIM is a 51-year-old, African American woman who has been employed by the Defendant in excess of twenty years, as a Security Officer. She currently is considered an employee but has not physically been to work since February 2016.

11. Over the years while the Plaintiff has been employed by the Defendant, she has experienced a great deal of harassment and discrimination.

12. As a result, the Plaintiff has filed several discrimination charges with the EEOC and IDHR.

13. The Plaintiff's most recent charge was filed on or about December 30, 2015, in which she alleged discrimination based on her disability and retaliation for engaging in protected activity.

14. Sometime in March of 2015, the Plaintiff was diagnosed with plantar fasciitis and sciatica patica by a licensed medical doctor.

15. The Plaintiff's medical conditions qualify as disabilities under The Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. § 12102.

**COUNT I – VIOLATION OF ADA**

16. Plaintiff restates and alleges paragraphs 1-15 as if fully set forth herein.

17. The Plaintiff worked for the Defendant for several years without incident, serious disciplinary violations, or any job interference related to her medical conditions.

18. In 2015, the Plaintiff was required to take leave form work on several occasion related to her medical condition under FMLA.

19. Despite numerous letters from her physicians clearing her to return to work with limited restrictions, the Defendant failed to accommodate the Plaintiff.

20. The Plaintiff was released back to work with the restriction that she was allowed to sit down for ten minutes for every hour she worked.

21. On or about December 30, 2015, the Plaintiff filed a charge with IDHR for discrimination based on her disability.

22. The Plaintiff went through the proper channels per the Defendant's policy on ADA reasonable accommodation request. She repeatedly requested reasonable accommodations for her disabilities.

23. The ADA department for the Defendant, worked with the Plaintiff in seeking reasonable accommodation per her doctor's request.

24. It was the Defendant's position that the Plaintiff's request to sit for ten minutes for every hour she worked would in effect remove some of the essential functions of her job.

25. The Plaintiff presented the Defendant with a job description and was also provided a job description from the Defendant.

26. Nowhere in the job description did it prohibit any person in that role/position to refrain from sitting down as a security guard.

27. In fact, one description strongly infers that a security guard would be required to sit and monitor various surveillance cameras via the school's camera security system.

28. The job description does not detail what amount of time is allotted for security guards to sit down while on the job.

29. However, with the years and experience of the Plaintiff she has the knowledge and expertise and recognize what is expected and allowed. She also knows that various security guard's positons with the Defendant allow them to sit in excess of two hours a day while at work.

30. Upon her request the ADA department for the Board acknowledge the disability and made plans to work with the school's Principal, Allison Tingwall, to set reasonable accommodation for the Plaintiff.

31. Upon such request the Principal ignored and ultimately denied the Plaintiff of such accommodations.

32. However, the Vice Principal, Christopher Graves, made arrangements to place the Plaintiff on the third floor of the school and placed a chair there for her to sit periodically. The following day he had removed the chair and stated it was at the instructions of the Principal and that the Plaintiff was not entitled to accommodations.

33. The Plaintiff then appealed the ADA department decision and that only made matters worse.

34. The Plaintiff was denied her reasonable accommodations request and was presented with an alternative assignment that would require her to stand on her feet in excess of seven hours.

35. The Plaintiff has sought short term disability wages and made several grievances with the Defendant.

36. Her short term disability was denied. However, the Plaintiff was granted FMLA.

37. Due to the denial of the Plaintiff's reasonable request for accommodations the Plaintiff had her continued pain and she was forced from work without pay.

38. As a direct, foreseeable, and proximate cause of Defendant's conduct, Plaintiff has suffered, and continues to suffer, damages, including lost wages and employment benefits, medical debt, credit card debit, emotional and mental anguish, attorneys' fees, and costs.

## COUNT II – FMLA RETALIATION

39. Plaintiff restates and alleges paragraphs 1-38 as if fully set forth herein.

40. 29 U.S.C. § 2615(a)(1) makes it unlawful, "[F]or any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." In particular, "[a]n employer is prohibited from discriminating against employees … who have used FMLA leave." 29 C.F.R. § 825.220(c). Nor may employers "use the taking of FMLA leave as a negative factor in employment actions…" 29 C.F.R. § 825.220(c).

41. Plaintiff engaged in protected activity under the meaning of the FMLA when she took her FMLA leave between November 2015 and January 2015 and indicated her desire to exercise her rights there under.

42. As a result, Defendant retaliated against Plaintiff by making threats that if she did not return to work prior to the expiration of her FMLA her job duties would be taken away. Upon returning to work the Plaintiff was given more job duties than her other coworkers. Once she was given a chair by the Assistant Principal it was instructed to be taken away in

retaliation by the Principal. The Defendant also retaliated against the Plaintiff by taking property out of her locker.

43. As a direct, foreseeable, and proximate cause of Defendant's conduct, Plaintiff has suffered, and continues to suffer, damages, including lost wages and employment benefits, medical debt, loss of her retirement funds, credit card debit, emotional and mental anguish, attorneys' fees, and costs.

## COUNT THREE-RETALIATION FOR PARTICIPATION

44. Plaintiff restates and alleges paragraphs 1-43 as if fully set forth herein.

45. Title VII of the Civil Rights Act of 1964, provides in pertinent part: Title VII prohibits discrimination against an employee or job applicant "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

46. Defendant has retaliated against Plaintiff in violations of Title VII for opposing and/ or complaining of Defendant's discriminatory practices against herself.

47. On or about March 27, 2014, the Plaintiff filed a charge with IDHR that alleged that she was harassed due to her age and in retaliation for filing a charge of discrimination in 2002.

48. On or about June 18, 2014, the Plaintiff filed a charge with IDHR that alleged that she was denied overtime due to her age.

48. Due to the filing of her charges in 2014, the Plaintiff was subjected to a hostile work environment.

49. Her hostile work environment included being harassed daily by the school's Principal. There were things stolen from her locker. She was required to submit various medical statements to permit her to return to work with accommodations. Despite the Board's ADA department ruling that she has a disability as defined by the ADA and was entitled to reasonable accommodations, the school Principal refused her reasonable accommodations. As a result, Principal Tingwall then drafted a separate job description that outlined extra job duties for the Plaintiff. The job descriptions actually required that the Plaintiff stand on her feet more despite the fact her medical release suggested less standing. She received unjustified negative elevations, increased surveillance, and harassment. There were also several threats to get her fired on several occasions. Such incidents are an inference of retaliatory motives.

50. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

5

51. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter judgment in her favor and against Defendant, and awards the following relief:

A. An injunction and order permanently restraining the Defendant from engaging in such unlawful conduct;

B. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive damages for the gross, wanton, reckless, and/or intentional violations of the Plaintiff's rights under the Americans with Disabilities Act;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Date:  May 2, 2016

Respectfully submitted,


/s/Chiquita Hall-Jackson
Chiquita Hall-Jackson, Esq.- 6312976
Attorney for Plaintiff
Hall-Jackson & Associates, P.C.
710 E. 47th St. Suite 302W
Chicago, IL 60653
(312) 255-7105

## VERIFICATION BY CERTIFICATION

Under penalties of perjury as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

CLIENT NAME