**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

### LIST OF THE PARTIES' MOTIONS *IN LIMINE*

Defendant, Board of Education of the City of Chicago ("Board"), prior to the selection of a jury in this cause, have identified the following motions *in limine* for the Court's adjudication. For ease of the Court's review, the Board prepared a complete list of the motions identified by both parties, including where the parties have jointly agreed to a motion, indicated no objection to the filing of a proposed motion, or objected to a motion.

**Omnibus Agreed Motions *in Limine* No.s 1-11:**

1. Motion *in limine* barring any reference to settlement demands, offers, and any settlement discussions: **proposed by both parties and jointly agreed**.

2. Motion *in limine* barring witnesses except parties or party representatives from being present during trial until their testimony is completed: **proposed by both parties and jointly agreed**.

3. Motion *in limine* barring any laypersons from giving medical opinions: **proposed by the Board and agreed to by Plaintiff**.

4. Motion *in limine* barring any reference or argument concerning what should be awarded to "send a message" to the Board: **proposed by the Board and agreed to by Plaintiff**.

5. Motion *in limine* barring any document not produced during the course of discovery: **proposed by both parties and jointly agreed**.

6. Motion *in limine* barring evidence, argument or testimony pertaining to the pecuniary position of the Board or any comment regarding ability or inability to pay a judgment, the wealth or poverty of the Board and/or any of the pecuniary circumstances of any of the parties: **proposed by the Board and agreed to by Plaintiff.**

1

7. Motion *in limine* barring Plaintiff from arguing or implying to the jury, either directly or indirectly, that the Board is allegedly insured against liability on a judgment that might be entered against them: **proposed by the Board and agreed to by Plaintiff.**

8. Motion *in limine* barring evidence, argument, inference or testimony that any potential witnesses in this matter who are current Board employees are being paid for their time on court, as well as an order barring discussion or reference to the fact that a Board employee may have spent time speaking with a Board attorney prior to trial: **proposed by the Board and agreed to by Plaintiff.**

9. Motion *in limine* barring witnesses in the Board's pretrial order that were not previously disclosed during the discovery process: **proposed by Plaintiff and agreed to by the Board**[1].

10. Motion *in limine* barring Plaintiff from speculating as to other employees' requests for accommodations: **proposed by the Board and agreed to by Plaintiff.**

11. Motion *in limine* barring evidence, argument, inference or testimony about recent news or media stories, broadcasts, or other publications that CPS, its agents and/or employees are corrupt or have committed illegal acts in any unrelated matters to this cause of action: **proposed by the Board and agreed to by Plaintiff.**

### The Board's Motions *in Limine*

12. Motion *in limine* to bar any comparison to other case awards: **opposed by Plaintiff.**

13. Motion *in limine* to bar discussion as to what a jury would pay to avoid a similar incident and/or "Golden Rule" appeals: **opposed by Plaintiff.**

14. Motion *in limine* to bar discussion relating to certain claims or charges brought under Title VII, ADEA, ADA, and/or the FMLA: **opposed by Plaintiff.**

15. Motion *in limine* to bar the introduction of Plaintiff's union grievances and communications between Plaintiff and her union representative: **opposed by Plaintiff.**

16. Motion *in limine* to bar undisclosed and inadequately disclosed lay witnesses identified on Plaintiff's trial witness list: **opposed by Plaintiff, but see the parties' agreed Motion *in limine* No. 9.**

17. Motion *in limine* to bar undisclosed and inadequately disclosed expert witnesses identified on Plaintiff's trial witness list: **opposed by Plaintiff.**

---

[1] To the extent that Plaintiff files a separate motion *in limine* expanding on this motion, the Board reserves the right to object to the same. However, as stated herein, the Board agrees to this motion.

18. Motion *in limine* to limit the applicable time frame to the one covering the scope of Plaintiff's claims before the jury: **opposed by Plaintiff.**

19. Motion *in limine* to bar the introduction of evidence relating to Plaintiff's communications with the Board's EOCO about any claim other than her failure to accommodate claim: **opposed by Plaintiff.**

20. Motion *in limine* to bar any discussion of damages other than compensatory damages to the jury: **opposed by Plaintiff.**

21. Motion *in limine* to bar the introduction of any materials from Sedgwick (third party vendor) or any discussion of Plaintiff's short-term disability benefits to the jury: **opposed by Plaintiff.**

22. Motion *in limine* to bar the introduction of non-authenticated photographs: **opposed by Plaintiff.**

23. Motion *in limine* to bar any evidence of Plaintiff's "good character": **opposed by Plaintiff.**

24. Motion *in limine* to bar lay witnesses from giving medical opinions: **opposed by Plaintiff.**

25. Motion *in limine* to bar any reference to other litigation involving the Board or to which the Board is a party: **the Board received no response to its request for Plaintiff's approval.**

26. Motion *in limine* to bar any discussion regarding any alleged discrimination, harassment, and/or retaliation faced by other Board employees: **the Board received no response to its request for Plaintiff's approval.**

27. Motion *in limine* to bar Plaintiff or any other witnesses from speculating on whether other security officers were able to sit down while working and/or had a chair: **the Board received no response to its request for Plaintiff's approval.**

The Board reserves the right to file additional motions *in limine* pending the outcome of the

Board's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims (ECF No. 100).

### Plaintiff's Motions *in Limine*

- Motion *in limine* barring evidence of security officer job descriptions that are not referenced in any version of the Collective Bargaining Agreement produced during the discovery process: **if Plaintiff is referring to the job descriptions produced by her at PL000058-62, the Board does not oppose this Motion *in limine*.**

- Motion *in limine* barring the introduction of non-authenticated emails and/or correspondences: **no objection by the Board.**

- Motion *in limine* barring any lay person opinions concerning effective security in schools, including Board staff: **no objection from the Board, with the exception Jadine Chou and**

3

**Brian Bond, both of whom are employees within the Board's Safety and Security Department, and whose essential job functions include designing and implementing effective security in schools.**

- Motion *in limine* barring any lay persons opinions and/or testimony of the alleged statics cited in the Board's Local Rule 56.1 Statement of Facts, paragraphs 19, 68, and 69; i.e., the number of fights at Curie High School during the 2014-2015 school year and the alleged 2012 District review results and comments: **opposed by the Board.**

Dated: March 1, 2019.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By:     */s/ Giselle Safazadeh*
Giselle Safazadeh, Assistant General Counsel
Christina Jaremus, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
1 North Dearborn, Suite 900
Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **List of the Parties' Motions** *in Limine* to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By:     */s/ Christina Jaremus*
Christina Jaremus, Assistant General Counsel