IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S OMNIBUS AGREED MOTIONS *IN LIMINE* Nos. 1 - 11**

Defendant, Board of Education of the City of Chicago ("Board"), prior to the selection of a jury in this cause, move this Court *in limine* to instruct the parties, witnesses, and respective counsels, as set forth below, to refrain from testifying, mentioning, making any remark, comment, argument, reference, inference, innuendo or inducing any testimony which might inform or imply to the jury the circumstances or facts of the matters listed below. If any of the following topics were made known to the jury in any of the manners aforesaid, it would be highly improper and unfairly prejudicial, even if the Court were to sustain an objection and strike the matter and/or instruct the jury not to give consideration to the same.

1. Barring any reference to settlement demands, offers and any settlement discussions regarding this matter. Introduction of testimony pertaining to settlement demands, offers and settlement negotiations are not admissible pursuant to Federal Rule of Evidence ("FRE") 408. Further, such testimony would be more prejudicial than probative. FRE 403.

    _____ Granted        _____ Denied        _____ Reserved

2. Barring any witnesses (except Board representatives and Plaintiff, Kim Ammons) from being present in the courtroom during the trial other than for their own testimony. These witnesses should be excluded from the courtroom until they have testified pursuant to FRE 615, which permits the Court on its own motion or that of a party to exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses. This rule does not apply to parties. The granting of the instant motion will prevent the shaping of testimony and discourage fabrication, inaccuracy

1

and collusion. *In Re Scarlata*, 127 B.R. 1004 (N.D. Ill. 1991) *see generally*, *U.S. v Hargrove*, 929 F.2d 316 (7th Cir 1991).

\_\_\_\_\_ Granted  \_\_\_\_\_ Denied  \_\_\_\_\_ Reserved

3. Barring any layperson from testifying or making remarks and argument or opinion testify regarding the causation of any alleged medical conditions, diagnosis, future prognosis, and future medical expenses as it relates to Plaintiff's or other witnesses alleged medical conditions. A layperson may only testify to facts observed first hand and lack the qualifications to testify to a medical diagnosis or condition. Federal Rule of Evidence 701, 702; *see Moore v. Shawmut Woodworking & Supply, Inc.*, 1:09-cv-1275-TWP-MJD, 2012 U.S. Dist. LEXIS 24660, *3 (S.D. Ind., Feb. 27, 2012)

\_\_\_\_\_ Granted  \_\_\_\_\_ Denied  \_\_\_\_\_ Reserved

4. Barring any reference or argument concerning what should be awarded to "send a message" to the Board with a verdict, or that the jury should somehow punish the Board with its verdict. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. And as a matter of law, Plaintiff cannot recover punitive damages from the Board. *See City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); *Pullum v. Vill. of Univ. Park*, No. 09 C 5867, 2010 U.S. Dist. LEXIS 72903, at *1 (N.D. Ill. July 20, 2010) (confirming that "the same statute that provided for the recovery of punitive damages under Title VII but forbids such recovery from governmental agencies...applies equally to claims brought under the ADA").

\_\_\_\_\_ Granted  \_\_\_\_\_ Denied  \_\_\_\_\_ Reserved

5. Barring any document not produced during the course of discovery. Federal Rule of Civil Procedure ("Rule" or "Rules") 26(a) requires parties to disclose certain evidence to the other parties in an action without awaiting a discovery request. Further, a party is under a continuing obligation to supplement its prior productions if it learns that the production is incomplete or incorrect. If a party does not provide information or identify a witness as required by Rules 26(a) and (e), then pursuant to Rule 37, the party cannot use that information or testimony in a motion, at a hearing or at a trial unless the party was substantially justified or the non-disclosure was harmless. Fed. R. Civ. P. 37. The admission of non-disclosed information after the discovery deadline would substantially prejudice the Board as it would not have been afforded the opportunity to investigate or refute the evidence. Fed. R. Civ. P. 26(e)(1). Rules 26 and 37 are "designed to prevent evidentiary ambush, and the sanctions authorized or required by those rules pay an important role in making a federal case 'less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Assibey-Mensah v. Ind. Univ. Bd. of Trs.*, No. 2:13-CV-260-PPS, 2016 WL 866705, at *2 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)). Indeed, the procedures for discovery are designed to eliminate trial by the element of surprise by requiring a litigant to disclose the facts upon which a cause of action or defense is based. *Id.* Were this Court to allow either party to introduce evidence not previously disclosed until the eve of trial, the parties would be unable to properly defend against the evidence.

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Reserved

6. Barring evidence, argument, or testimony pertaining to the pecuniary position of the Board or any comment regarding ability or inability to pay a judgment, the wealth or poverty of the Board and/or any of the pecuniary circumstances of any of the parties. Such argument or evidence is not relevant and should be barred. Where the only recoverable damages properly before the jury are compensatory damages, as is the case here, the financial condition of the parties is irrelevant and often prejudicial. *See* FRE 403; *Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998) (evidence and argument about a party's financial situation, indemnification, ability to pay, and insurance generally inadmissible).

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Reserved

7. Barring evidence, argument, or testimony implying to the jury, either directly or indirectly, that the Board is allegedly insured against liability on a judgment that might be entered against them. Evidence of insurance, or lack of it, should be excluded because it is irrelevant and could improperly influence a jury in determining in which party's favor to render a verdict, as well as the size of that verdict. FRE 403; *see Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998) (evidence and argument about a party's financial situation, indemnification, ability to pay, and insurance generally inadmissible).

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Reserved

8. Barring evidence, argument, inference or testimony that any potential witnesses in this matter who are current Board employees are being paid for their time on court, as well as an order barring discussion or reference to the fact that a Board employee may have spent time speaking with a Board attorney prior to trial. Certain witnesses the Board may call upon at trial in this matter are current employees of the Board, who will continue to paid throughout this trial for their employment. Any statement or inference that any such Board employee, if called to testify, are being paid for their time in court would be both irrelevant to Plaintiff's lawsuit and highly prejudicial to the Board. *See* FRE 401, 403.

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Reserved

9. Barring witnesses in the Board's pretrial order that were not previously disclosed during the discovery process.

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Reserved

10. Barring Plaintiff from speculating as to other employees' requests for accommodations. Only Plaintiff's request for accommodation is at issue in this case, and any evidence, argument, or testimony speculating as to what accommodations were or were not provided to various other Board employees is both irrelevant and highly prejudicial to the Board. FRE 401, 403. Any such testimony would also

constitute impermissible hearsay. FRE 802. This includes any reference to Plaintiff's testimony in her deposition wherein Plaintiff so speculates.

\_\_\_\_\_ Granted  \_\_\_\_\_ Denied  \_\_\_\_\_ Reserved

11. Barring evidence, argument, inference or testimony about recent news or media stories, broadcasts, or other publications that the Board, its agents and/or employees are corrupt or have committed illegal acts in any unrelated matters to this cause of action. Such arguments or evidence is not relevant to the matters on trial in this case and should be barred as irrelevant and highly prejudicial. FRE 401, 403.

\_\_\_\_\_ Granted  \_\_\_\_\_ Denied  \_\_\_\_\_ Reserved

Additionally, the Plaintiff agrees to Motions *in limine* No. 1-11.

WHEREFORE, the Board respectfully request this Honorable Court to enter an order barring evidence, argument, inference or testimony as to each of the subjects identified herein; and further to instruct the parties' witnesses, through their counsel, not to make any reference or inference to the fact that this motion has been filed, argued, or ruled upon by the Court; and finally, that said counsel be instructed to warn and caution each and every witness appearing in this litigation to strictly comply with the ruling of this Court.

Dated: March 1, 2019.                    Respectfully submitted,

**DEFENDANT, BOARD OF EDUCATION OF THE CITY OF CHICAGO**

Joseph Moriarty, General Counsel

By:  /s/ *Giselle Safazadeh*
Giselle Safazadeh, Assistant General Counsel
Christina Jaremus, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
1 North Dearborn Street, Suite 900
Chicago, Illinois 60602
Telephone: 773-553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

**CERTIFICATE OF SERVICE**

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Omnibus Agreed Motions** *in Limine* **Nos. 1 – 11** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By: /s/ *Christina Jaremus*
Christina Jaremus, Assistant General Counsel