IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 13 TO
BAR DISCUSSION AS TO WHAT A JUROR WOULD
PAY TO AVOID A SIMILAR INCIDENT AND/OR GOLDEN RULE APPEALS**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, moves this Court to bar any reference or argument asking the jurors to consider what they would allegedly pay to avoid a similar incident and/or "Golden Rule" appeals. In support of this Motion, the Board states as follows:

Plaintiff's counsel should be barred from making any inquiry, comment or argument to the jury that suggests the jurors should base Plaintiff's damages on an amount that the jurors would charge to endure similar issues or encouraging the jury to place itself in Plaintiff's position or imagine having Plaintiff's injuries in awarding damages. Any such "Golden Rule" argument is prohibited by law and will create a substantial danger of undue prejudice. *See* Fed. R. Evid. 403; *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) ("'[A] 'Golden Rule' appeal in which the jury is asked to put itself in the defendant's position is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.") (citation and quotation marks omitted); *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (Golden Rule remark is "clearly improper"); *see also Sheehan v. Nobel Cty.*

1

*Sheriff's Dep't,* No. 1:14-CV-324-TLS, 2019 U.S. Dist. LEXIS 12776, *2-3 (N.D. Ind., Jan. 28, 2019); *Scott v. Suelter*, No. 09-CV-1189, 2013 U.S. Dist. LEXIS 70832 *19 (C.D. Ill., May 20, 2013).

WHEREFORE, the Board moves to bar any reference or argument asking the jurors to consider what they would allegedly pay to avoid a similar incident and/or "Golden Rule" appeals.

Dated: March 1, 2019.

    Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By:     */s/Giselle Safazadeh*
Giselle Safazadeh, Assistant General Counsel
Christina Jaremus, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
1 North Dearborn, Suite 900
Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

### CERTIFICATE OF SERVICE

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 13 To Bar Discussion as to What a Juror Would Pay to Avoid a Similar Incident and/or "Golden Rule" Appeals** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By:     */s/Christina Jaremus*
Christina Jaremus, Assistant General Counsel