IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 16
TO BAR UNDISCLOSED AND INADEQUATELY DISCLOSED
LAY WITNESSES IDENTIFIED ON PLAINTIFF'S TRIAL WITNESS LIST**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, moves this Court to strike undisclosed lay witnesses from Plaintiff's trial witness list and to bar Plaintiff from offering evidence at trial or making arguments to the jury related to those lay witnesses. In support of this Motion, the Board states as follows:

Plaintiff's Witness List, as tendered to the Board in preparation of filing the Pretrial Order (ECF No. 104), identifies eight lay witnesses to testify at trial. However, Plaintiff failed to previously disclose five of those lay witnesses in her Rule 26(a)(1) initial disclosures: David Reyes, Ceasar Perez, Mike Oliver, "First Name Unknown Mohammad," and Trumaine Reeves. Plaintiff further made an inadequate disclosure of another witness, Shoshanna Smith, in her 26(a)(1) initial disclosures.

As Plaintiff is aware, Rule 26(a)(1) requires a party to disclose the name and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Rule 26(e) requires a party to supplement its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...." Fed. R. Civ. P. 26(e). Under Rule 37(c), if a party

1

fails to identify a witness as required by Rule 36(a) or (e), the party cannot use that witness at trial unless the failure to disclose was harmless or substantially justified. Fed. R. Civ. P. 37(c).

**David Reyes:** Plaintiff failed to disclose David Reyes, a former Senior Security Officer at Marie Sklodowska Curie Metro High School ("Curie") in her Rule 26(a)(1) initial disclosures. *See* Plaintiff's Rule 26(a)(1)(A) disclosures attached hereto as Exhibit A. By not disclosing Mr. Reyes in pursuant to Rule 26, it is impossible for the Board to be on notice of Plaintiff's intent to call him as a witness at trial which is prejudicial to the Board. *See, e.g., Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998) (opposing counsel should not be forced to depose an expert in order to avoid an ambush at trial if expert not properly disclosed).

**Ceasar Perez** and **Mike Oliver:** Plaintiff also failed to disclose Ceasar Perez and Mike Oliver, "Plaintiff's former coworker[s]" in her Rule 26(a)(1) initial disclosures or in her Response to Board Interrogatory No. 1. *See* Exhibit A, Plaintiff's Responses to Defendant's Interrogatories to Plaintiff attached hereto as Exhibit B; Proposed Pretrial Order, ECF No. 104. Plaintiff never supplemented her disclosure or interrogatory response by naming Perez or Oliver or otherwise giving the Board knowledge as to any information in either of their possession that is probative of the claims or defenses in this case. Therefore, it is impossible for the Board to have any notice of what these witnesses may or may not testify to, thereby making them ineligible to appear as witnesses in this matter.

**First Name Unknown Mohammad:** Plaintiff also failed to disclose First Name Unknown Mohammad, allegedly "Plaintiff's former co-worker" (ECF No. 104) in her Rule 26(a)(1) initial disclosures or in her Response to Board Interrogatory No. 1. *See* Exhibits A and B. Plaintiff's failure to adequately disclose Mohammad, by timely providing Mohammad's full name, current address or telephone numbers and alleged knowledge concerning the claims or defenses in this case makes Mohammad ineligible to appear as a witness in this matter.

**Tremaine Reeves:** As stated above, Plaintiff also failed to disclose Tremaine Reeves "SEIU Local 73" (ECF No. 104), in her Rule 26(a)(1) initial disclosures. *See* Exhibit A. Plaintiff disclosed Reeves in her Response to Interrogatory No. 1, but failed to provide his current address or telephone number.[1] *See* Exhibit B. Moreover, Plaintiff stated that Reeves was her union representative "who was made aware of my harassment and retaliation claims at Curie…who then filed multiple grievances on my behalf to CPS Labor Relations Office." *See id.* Plaintiff's labor grievances bear no relevance to Plaintiff's claims or defenses in this case. *See* Board's Motion *in Limine* No. 15. Plaintiff's failure to adequately disclose Reeves, by timely providing his current address or telephone numbers and alleged knowledge concerning the claims or defenses in this case makes Reeves ineligible to appear as a witness in this matter.

**Shoshanna Smith:** Plaintiff listed Smith in her Rule 26(a)(1) initial disclosures, but failed to provide Smith's current address or telephone numbers. *See* Exhibit A. Instead Plaintiff listed an attorney as Ms. Smith's contact information. Board counsel contacted the attorney listed who had no record of Ms. Smith. Plaintiff's failure to timely provide Smith's contact information makes her ineligible to appear as a witness in this matter.

All six witnesses identified in this motion are subject to a barring order because Plaintiff failed to properly disclose these witnesses at all in her Rule 26(a)(1) disclosures or failed to properly disclose their identities, contact information, and/or the nature and substance of their testimony. Plaintiff has failed to justify her non-disclosure, or inadequate disclosure, of the six witnesses identified herein. Such failure deprived the Board of an opportunity to depose the witnesses and prepare a defense, thus prejudicing the Board. *Anglin v. Sears, Roebuck & Co.*, 139 F.Supp.2d 914, 918 (N.D. Ill. 2001); *aff'd* 179 F.Supp.2d 836, 837 (N.D. Ill. 2001).

---

[1] Although Plaintiff provided a telephone number for Reeves, that number is disconnected.

WHEREFORE, the Board respectfully requests that the Court issue an order barring plaintiff from offering trial testimony by David Reyes, Ceasar Perez, Mike Oliver, "First Name Unknown Mohammad," Trumaine Reeves, and Shoshanna Smith.

Dated: March 1, 2019.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By: /s/*Christina Jaremus*
Christina Jaremus, Assistant General Counsel
Giselle Safazadeh, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
Law Department
1 North Dearborn, Suite 900
Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion** *in Limine* **No. 16 to Bar Undisclosed and Inadequately Disclosed Lay Witnesses identified on Plaintiff's Trial Witness List** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By: /s/*Christina Jaremus*
Christina Jaremus, Assistant General Counsel

4