IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM AMMONS, ) | |
| ) | |
| Plaintiff, ) | 1:16-cv-04884 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**BOARD'S MOTION *IN LIMINE* NO. 18 TO LIMIT THE APPLICABLE TIME FRAME TO COVER THE SCOPE OF PLAINTIFF'S CLAIM BEFORE THE JURY**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, moves this Court to limit the applicable time frame to cover the scope of Plaintiff's ADA failure to accommodate claim.

In this case, Plaintiff's only claim before the jury in this case is an ADA failure to accommodate claim.[1] In order to prevail on her ADA failure to accommodate claim, Plaintiff must "point to evidence showing that (1) she is a qualified individual with a disability; (2) her employer was aware of this disability; and (3) her employer failed to reasonably accommodate the disability." *Guzman v. Brown County*, 884 F.3d 633, 642 (7th Cir. 2018). The dates relevant to Plaintiff's failure to accommodate claim are straightforward. On April 29, 2015, Plaintiff submitted a request to the Board for an ADA reasonable accommodation and reported her claimed disability to the Board. Memorandum Opinion and Order, ECF No. 77, p. 7. Anything that occurred prior to April 29, 2015, is not relevant to the sole issue in the case before the jury of whether the Board failed to accommodate Plaintiff after she requested an accommodation on April 29, 2015.

---

[1] The Board's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims. ECF No. 100. The Board reserves the right to supplement this motion should the Court find that any of Plaintiff's retaliation claims are properly before the jury.

The Court should not permit any discussion, evidence, argument, or testimony pertaining to time period relevant to any of the allegations in Plaintiff's plethora of EEOC and IDHR Charges that are not before the Court (*see* Motion *in limine* No. 14). The Court should also not permit any discussion, evidence, argument, or testimony pertaining to time period relevant to Plaintiff's ADA and FMLA retaliation claims which will not be heard by a jury (*see* Motion *in limine* No. 14 and footnote 1).

Any discussion, evidence, argument, or testimony pertaining to claims or allegations other than Plaintiff's failure to accommodate claim pursuant to the ADA will only result in unfair prejudice to the Board, confusion of the issues. FRE 401 and 403.

WHEREFORE, the Board moves to bar any and all discussion, evidence, argument, or testimony relating to the time frame prior to April 29, 2015, the date Plaintiff filed her request for a reasonable accommodation with the Board.

Dated: March 1, 2019.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By: /s/*Christina Jaremus*
Christina Jaremus, Assistant General Counsel
Giselle Safazadeh, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
1 North Dearborn, Suite 900
Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

## CERTIFICATE OF SERVICE

    I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 18 To Limit the Applicable Time Frame to Cover the Scope of Plaintiff's Claim Before the Jury** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

    By:    /s/*Christina Jaremus*
               Christina Jaremus, Assistant General Counsel