IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 19
TO BAR THE INTRODUCTION OF EVIDENCE RELATING TO
PLAINTIFF'S COMMUNICATIONS WITH THE BOARD'S EOCO ABOUT
ANY CLAIM OTHER THAN HER ADA FAILURE TO ACCOMMODATE CLAIM**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, moves this Court to bar discussion, evidence, argument, or testimony relating to Plaintiff's discussions with the Board's internal Equal Opportunity Compliance Office ("EOCO") concerning claims unrelated to her ADA failure to accommodate claim. In support of this Motion, the Board states as follows:

As discussed in Motion *in limine* No. 14, the Board moves to bar any and all discussion, evidence, argument, or testimony pertaining to allegations of (1) age discrimination and retaliation; (2) sexual orientation discrimination; (3) Title VII harassment or discrimination; (4) ADA Retaliation; and (5) FMLA Retaliation, including any associated IDHR and EEOC Charges. *See also* Board's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims, ECF No. 100.[1] Along this same reasoning, Plaintiff's communications with the Board's internal EOCO department regarding other

---

[1] The Board's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims. ECF No. 100. The Board reserves the right to supplement this motion should the Court find that any of Plaintiff's retaliation claims are properly before the jury. In particular, if Plaintiff's ADA retaliation claim is heard by a jury in addition to her ADA failure to accommodate claim, then the only relevance of her IDHR/EEOC charges is whether she filed a charge alleging failure to accommodate.

claims unrelated to her ADA failure to accommodate claim are not relevant to the issues in this case and therefore prejudicial to the Board. FRE 401 and 403.

Within the Board's EOCO department, Dalila Bentley handles all employee requests for reasonable accommodations due to a disability. Corinne Leak (a.k.a. Donna Leak) does not respond to any such requests. Therefore, communications with the Corinne Leak in the EOCO department are not at all relevant to Plaintiff's claim that the Board failed to accommodate her. Dalila Bentley is the one who responded to Plaintiff's requests and therefore has knowledge of circumstances relating to Plaintiff's claim of ADA failure to accommodate. Accordingly, the Court should not permit any discussion, evidence, argument, or testimony to the jury pertaining to any conversations or written communications with the Board's EOCO, particularly Corinne Leak (a.k.a. Donna Leak), regarding any claim other than her failure to accommodate claim stemming from her request for an accommodation in April 2015, including but not limited, allegations against the Board pursuant to Title VII, ADEA, or ADA other than Plaintiff's claim that the Board failed to accommodate her.

WHEREFORE, the Board moves to bar discussion, evidence, argument, or testimony relating to Plaintiff's discussions with the Board's internal Equal Opportunity Compliance Office ("EOCO") concerning claims unrelated to her ADA failure to accommodate claim.

Dated: March 1, 2019.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By: /s/*Christina Jaremus*
Christina Jaremus, Assistant General Counsel
Giselle Safazadeh, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
1 North Dearborn, Suite 900

2

Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion** *in Limine* **No. 19 to Bar the Introduction of Evidence Relating to Plaintiff's Communications with the Board's EOCO About Any Claim Other Than her Failure to Accommodate Claim** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By: /s/ *Christina Jaremus*
Christina Jaremus, Assistant General Counsel

3