IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 21
TO BAR THE INTRODUCTION OF MATERIALS
FROM SEDGWICK (A THIRD-PARTY VENDOR) OR ANY DISCUSSION
OF PLAINTIFF'S SHORT-TERM DISABILITY BENEFITS TO THE JURY**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, moves this Court to bar any discussion, evidence, argument, or testimony, including the introduction of any materials or communications between Plaintiff and Sedgwick CMS ("Sedgwick"), a third-party vendor that was previously in charge of handling short-term disability benefit requests from Board employees and any discussions regarding short-term disability benefits with Sedgwick or the Board's Office of Employee Engagement ("OEE").

In this case, Plaintiff's only claim before the jury in this case is an ADA failure to accommodate claim.[1] In order to prevail on her ADA failure to accommodate claim, Plaintiff must "point to evidence showing that (1) she is a qualified individual with a disability; (2) her employer was aware of this disability; and (3) her employer failed to reasonably accommodate the disability." *Guzman v. Brown County*, 884 F.3d 633, 642 (7th Cir. 2018). Sedgwick is a third-party vendor that

---

[1] The Board's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims. ECF No. 100. However, even if the Plaintiff's FMLA and ADA retaliation claims were before the jury, it would not change the result because Plaintiff does not allege she was retaliated against for taking short-term disability leave. Even if she did, short-term disability leave is not protected by the FMLA or the ADA.

managed short-term disability benefits during the time period relevant to this case. Any Sedgwick materials and/or any discussions regarding short-term disability benefits with Sedgwick or the Board's OEE are not relevant to whether or not the Board failed to accommodate Plaintiff under the ADA.

On April 29, 2015, Plaintiff submitted a request to the Board for an ADA reasonable accommodation and reported her claimed disability to the Board. Memorandum Opinion and Order, ECF No. 77, p. 7. Thereafter, Plaintiff was out on approved short-term disability leave from December 3, 2015 to January 3, 2016 and January 5, 2016 to January 10, 2016. *Id.*, pp. 11-12. There is no evidence in this case to suggest that Sedgwick communicated with any Board employee concerning Plaintiff's request for an accommodation or otherwise had any involvement in the interactive process between Plaintiff and the Board concerning the same. For example, any materials or communications that Plaintiff submitted to Sedgwick as part of her request for short-term disability benefits have no bearing on *the Board's knowledge* of Plaintiff's claimed disability, whether Plaintiff requested an accommodation from the Board, or the interactive process between the Board and Plaintiff. Likewise, any communications regarding the subject of short-term disability benefits that Plaintiff had with either Sedgwick or the Board's OEE are not relevant to whether or not the Board failed to accommodate Plaintiff under the ADA.

Admitting any such materials or communications or allowing testimony concerning the same will only result in unfair prejudice to the Board if the jury confuses Sedgwick's file materials with the Board's file materials and/or construes a request for short-term of disability benefits as a request for a reasonable accommodation. FRE 401 and 403. For the same reasons, admitting such materials or communications or allowing testimony concerning the same will result in confusion of the issues, misleading the jury about the claims in this case, and wasting time. FRE 401 and 403.

The only relevance Plaintiff's short term disability benefits have is with respect to Plaintiff's mitigation and her damages. However, that information is for the Judge and not the jury. (See Motion *in limine* No. 20).

WHEREFORE, the Board moves to bar any and all discussion, evidence, argument, or testimony to the jury concerning Sedgwick's file materials, communications between Plaintiff and Sedgwick and any discussions regarding short-term disability benefits with Sedgwick or the Board's OEE.

Dated: March 1, 2019.

                                        Respectfully submitted,

                                        **BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

                                        Joseph Moriarty, General Counsel

By:     /s/*Christina Jaremus*
           Christina Jaremus, Assistant General Counsel
           Giselle Safazadeh, Assistant General Counsel
           Susan J. Best, Assistant Deputy General Counsel
           Board of Education of the City of Chicago
           1 North Dearborn, Suite 900
           Chicago, Illinois 60602
           Telephone: (773) 553-1700
           gbsafazadeh@cps.edu
           cjaremus@cps.edu
           sjbest@cps.edu

**CERTIFICATE OF SERVICE**

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 21 to Bar The Introduction of Materials from Sedgwick (A Third-Party Vendor) or any Discussion of Plaintiff's Short-Term Disability Benefits to the Jury** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By:     /s/*Christina Jaremus*
           Christina Jaremus, Assistant General Counsel