IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 22
TO BAR UNAUTHENTICATED PHOTOGRAPHS**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, moves this Court to bar Plaintiff from introducing unauthenticated photographs taken at unknown dates, times, and locations by unknown individuals and to bar Plaintiff from offering evidence at trial or making arguments to the jury related to those photographs. In support of this Motion, the Board states as follows:

In Plaintiff's Response to the Board's Motion for Summary Judgment, Plaintiff claimed that she

> received several photos via text messages regarding all other security staff being allowed to sit while she was out of the building. (Ex. A 298:4-9 & Ex. C). The evidence supports but for Ammons multiple complaints, charges, grievances, and investigations the Defendant's agents of Curie would not harassed the Plaintiff and treated her in the manner described above.

ECF No. 63 at p. 22. Plaintiff offers the same undated photographs as trial exhibits via the Pretrial Order. ECF No. 104 at p. 8 (No. 36: "Various Photos of Officer's sitting at Curie dated ..-… PL000359-387"). As Judge Dow highlighted in his Memorandum Opinion and Order on the Board's Motion for Summary Judgment:

1

> Plaintiff does not offer any declarations or other evidence from witnesses with knowledge of when, where, and how the photos were taken—questions "that could be answered only by the [person] who produced" the photographs. *Griffin v. Bell*, 694 F.3d 817, 827 (7th Cir. 2012). In other words, the photos have not been authenticated under Federal Rule of Evidence 901(b)(1), and therefore cannot be used to avoid summary judgment. *Id.* (plaintiff was not "witness with knowledge," and thus could not authenticate video made of his arrest, where plaintiff could not say how video had been made or whether it had ever been altered); *see also Szymankiewicz v. Doying*, 187 Fed. Appx. 618, 622 (7th Cir. 2006) ("In evaluating a summary judgment motion, the court may consider as evidence properly authenticated and admissible documents or exhibits. To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence.").

ECF No. 77 at p. 10. The same reasoning applies to admitting these photographs at trial. Plaintiff is not a "witness with knowledge" and thus cannot authenticate photographs of individual security guards allegedly sitting down at Curie because she admitted that those photographs were sent to her via text and she has no knowledge of when (in particular, whether the photographs were taken during work hours), where, how, or on what date and year the photographs were taken. FRE 901(a), (b)(1). Moreover, to date, Plaintiff has not disclosed a witness with knowledge concerning when, where, how, or on what date and time the photographs were taken and did not list a witness with such knowledge in the Pretrial Order or even the text messages. *Id.* Additionally, the time has passed to make such a disclosure and any late disclosure would result in unfair prejudice the Board, which will not be permitted to depose any witness with any such alleged knowledge prior to trial. Fed. R. Civ. P. 26; FRE 403.

WHEREFORE, the Board moves to bar Plaintiff from introducing unauthenticated photographs taken at unknown dates, times, and locations by unknown individuals and to bar Plaintiff from offering evidence at trial or making arguments or references to the jury related to those photographs.

Dated: March 1, 2019.

                                    Respectfully submitted,

                                    **BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

                                    Joseph Moriarty, General Counsel

By:      /s/*Christina Jaremus*
              Christina Jaremus, Assistant General Counsel
              Giselle Safazadeh, Assistant General Counsel
              Susan J. Best, Assistant Deputy General Counsel
              Board of Education of the City of Chicago
              Law Department
              1 North Dearborn, Suite 900
              Chicago, Illinois 60602
              Telephone: (773) 553-1700
              gbsafazadeh@cps.edu
              cjaremus@cps.edu
              sjbest@cps.edu

## CERTIFICATE OF SERVICE

      I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 22 To Bar Unauthenticated Photographs** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

                                By:      /s/*Christina Jaremus*
                                                Christina Jaremus, Assistant General Counsel