IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 23 TO BAR ANY
EVIDENCE AS TO PLAINTIFF'S "GOOD CHARACTER"**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, moves this Court to bar discussion of, or reference to, or evidence pertaining to, Plaintiff's "good character". In support of this Motion, the Board states as follows:

Plaintiff may attempt to introduce evidence at trial as to her "good" character. Such evidence may include personal and professional accomplishments, such as serving as a foster parent. Pursuant to Federal Rules of Evidence ("Evidence Rule" or "Evidence Rules") 401, 402, 403, and 404, the Board moves to bar Plaintiff from introducing such evidence at trial. The introduction of evidence beyond what is minimally necessary to provide the jury with basic biographical and personal information about Plaintiff is both irrelevant and may create unfair prejudice, confuse the issues, mislead the jury, and waste time. In the instant action, there is no reason for Plaintiff to introduce any such "good character" evidence that would be slightly probative and highly prejudicial to the Board, as no such evidence is necessary to Plaintiff's case. *See Wilson v. Keske*, No. 09 CV 8063, 2012 U.S. Dist. LEXIS 10722 (N.D. Ill. Jan. 27, 2012) (granting defendant's motion *in limine* seeking to bar plaintiff from introducing evidence of good character and noting that such evidence was not necessary

1

or relevant to plaintiff's case). Simply put, evidence of Plaintiff's character has no relevance to the claim Plaintiff has before the jury.

Evidence of "good character" may be used as a synonym for propensity evidence, which is inadmissible under Federal Rule of Evidence 404. Rule 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with this character or trait." Fed. R. Evid. 404(a)(1). This rule makes good sense, since, as the Advisory Committee explained,

> [c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

Fed. R. Evid. 404, advisory committee notes, 1972 Proposed Rules (quoting California Law Revision Commission).

The only instance where Plaintiff may introduce evidence of good character would be to refute an attack upon her character for truthfulness. Fed. R. Evid. 608(a). However, while the Board may seek to impeach Plaintiff and/or other witnesses, such impeachment would not be attacking their *character* for truthfulness. *See* 4 Jack B. Weinstein, *Weinstein's Evidence* § 608.02 ("Offering evidence of untruthful character is not the only method of attacking a witness's credibility….Other means of impeaching a witness include the following: Introducing prior inconsistent statements. Demonstrating the witness's interest, bias, or hostility. Attacking the witness's perception or memory. Introducing prior inconsistent statements. Demonstrating the witness's interest, bias, or hostility. Attacking the witness's perception or memory. Introducing conflicting evidence or conflicting testimony of other witnesses[.]"). Accordingly, there would be no situation in the instant action where introduction of evidence of Plaintiff's "good character" would be permissible.

In the event this Court were to find evidence of Plaintiff's "good character" to be somehow admissible under Evidence Rule 402, such evidence should still be bared under Evidence Rule 403 because it suggests that individuals such as Plaintiff are entitled to jury sympathy, which would create unfair prejudice to the Board, as well as confuse the jury as to the issues in the case.

WHEREFORE, the Board moves to bar discussion of, or reference to, or evidence pertaining to, Plaintiff's "good character".

Dated: March 1, 2019.

                                                    Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By:    /s/*Giselle Safazadeh*
          Giselle Safazadeh, Assistant General Counsel
          Christina Jaremus, Assistant General Counsel
          Susan J. Best, Assistant Deputy General Counsel
          Board of Education of the City of Chicago
          1 North Dearborn, Suite 900
          Chicago, Illinois 60602
          Telephone: (773) 553-1700
          gbsafazadeh@cps.edu
          cjaremus@cps.edu
          sjbest@cps.edu

**CERTIFICATE OF SERVICE**

I, Christina Jaremus, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 23 To Bar Any Evidence of Plaintiff's "Good Character"** to be filed with the Clerk of the Court on March 1, 2019 using the CM/ECF system which sent notification of such filing to all counsel of record.

By:    /s/*Christina Jaremus*
          Christina Jaremus, Assistant General Counsel