IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-04884 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Young B. Kim |
| CHICAGO BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**BOARD'S MOTION *IN LIMINE* NO. 25 TO BAR ANY REFERENCE TO OTHER LITIGATION INVOLVING THE BOARD OR TO WHICH THE BOARD IS A PARTY**

Defendant, Board of Education of the City of Chicago ("Board"), by its attorneys, moves this Court to bar Plaintiff or any witness from referencing, inferring, or otherwise offering testimony as to other litigation involving the Board or to which the Board is a party to. In support of this Motion, the Board states as follows:

Plaintiff or any witness should be barred from offering evidence of other, unrelated litigation involving the Board. Any other such litigation would concern entirely different plaintiffs, different factual allegations, and entirely unrelated incidents and would thus be irrelevant to the instant case. Fed. R. Evid. 401, 402. Alternatively, to the extent relevant, such evidence should be excluded because the probative value of any such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, and/or needless presentation of cumulative evidence. Fed. R. Evid. 403. Simply put, to allow proof of other litigation against the Board would serve no legitimate purpose and would be highly prejudicial to the Board. *Id; see also Susinka v. Smith*, No. 08-CV-2207, 2010 U.S. LEXIS 125419, at *3 (C.D. Ill. Nov. 29, 2010) (granting motion *in limine* seeking to bar evidence, argument, or reference to unrelated litigation, agreeing with the defendants that such evidence should not be allowed as any

1

probative value would be substantially outweighed by undue prejudice as well as result in confusion of the issues and the possibility of misleading the jury).

Moreover, evidence of prior bad acts "is not admissible to prove the character of [an organization] in order to show action in conformity therewith. Fed. R. Evid. 404(b). Thus, Plaintiff cannot present evidence of allegations or findings made in other, unrelated suits to show that the Board committed the acts alleged in the instant case. Accordingly, this Court should also bar Plaintiff or any witness from presenting evidence of any such unrelated lawsuits pursuant to Federal Rule of Evidence 404.

WHEREFORE, the Board moves to bar Plaintiff or any witness from referencing, inferring, or otherwise offering testimony as to other litigation involving the Board or to which the Board is a party to.

Dated: March 1, 2019.

Respectfully submitted,

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT**

Joseph Moriarty, General Counsel

By: */s/Giselle Safazadeh*
Giselle Safazadeh, Assistant General Counsel
Christina Jaremus, Assistant General Counsel
Susan J. Best, Assistant Deputy General Counsel
Board of Education of the City of Chicago
Law Department
1 North Dearborn, Suite 900
Chicago, Illinois 60602
Telephone: (773) 553-1700
gbsafazadeh@cps.edu
cjaremus@cps.edu
sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Giselle Safazadeh, an attorney, do hereby certify that I caused the attached **Board's Motion *in Limine* No. 25 to Bar Any Reference to Other Litigation Involving the Board or to Which the Board is a Party** to be filed with the Clerk of the Court on March 1, 2019using the CM/ECF system which sent notification of such filing to all counsel of record.

By: /s/*Christina Jaremus*
Christina Jaremus, Assistant General Counsel