IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM AMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 16-cv-04884 |
| ) | Judge Robert M. Dow, Jr. |
| CHICAGO BOARD OF EDUCATION, ) | Magistrate Judge Young B. Kim |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE**

Plaintiff, KIM AMMONS, by her attorneys, Hall-Jackson & Associates, PC, submits her response to Defendant's motions *in limine* states:

**PRELIMINARY STATEMENT**

The court may grant Defendant's motions *in limine* only if the evidence Plaintiff seeks to admit is "clearly inadmissible for any purpose." *Hawthorne Partners v. AT & T Techs., Inc*., 831 F.Supp. 1398, 1400 (N.D.Ill. 1993). Defendant bears the burden of establishing that Plaintiff's evidence is "clearly inadmissible." *Plair v. E.J. Brach & Sons, Inc., et al,* 864 F.Supp. 67, 69 (N.D.Ill. 1994). Evidence is relevant and admissible where it makes a particular fact or consequence more or less probable than it would be without the evidence. *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F.Supp.2d 919, 930 (N.D.Ill. 2005), *citing* Fed.R.Evid. 401. "The relevance threshold is low as the evidence need only 'tend' to make the fact of consequence more probable..., thus requiring merely a rational connection between the evidence offered by the litigant and the fact of consequence the litigant intends to establish." *Id.* at 930-931, *citing Int'l Merger & Acquisition Consultants, Inc. v. Armac Enter., Inc.,* 531 F.2d 821, 823 (7th Cir. 1976).

The evidence the Plaintiff seeks to admit meets this threshold. Because the Board has not met its burden of establishing the unquestionable inadmissibility of the evidence, the Court should deny Defendant's Motions *in Limines*.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 12
**(Motion to Bar Any Comparison to Other Case Awards)**

The Plaintiff have no objection to this motion.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 13
**(Motion to Bar Discussion as to What A Jury W Motion to Bar Evidence of (Motion to Bar Evidence of What a Jury Would Pay to Avoid A Similar Incident and/or "Golden Rule")**

The Plaintiff have no objection to this motion.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 14
**(Motion to Bar Discussion Relating to Certain Claims or Charges Brought Under Title VII, ADEA, ADA, AND/OR FMLA)**

It is the Defendant's position that claims relating to the Plaintiff's prior charge of discrimination filed against the Board should be precluded from a jury trial. However, the Defendant argues from the position that its motion will be granted, and all retaliation claims of the Plaintiff will be for a bench trial only. It is the Plaintiff's position that all prior charges should be allowed to be introduced to the jury via testimony and actual exhibits in an effort to prove a key element of protected activities. It is relevant to this matter. Barring these witnesses' testimony would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No.14 should be denied.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 15
**(Motion to Bar Evidence of Plaintiff's "Good Character")**

In its argument the Defendant properly identifies the elements in which the Plaintiff need to meet in order prove her case. This includes the third element, which is the Defendant failed to reasonably accommodate the Plaintiff. This is an issue of fact as the Plaintiff alleges the Defendant failed to accommodate her and only made her working conditions worse. Whereas the Defendant alleges that the Plaintiff refused reasonable accommodations offered to her. Mr. Reeves would be

able to testify to his attempts to work with the Board to help the Plaintiff receive reasonable accommodations. He will also testify to conversations in which he engaged in with both the Plaintiff and the Board under the hearsay expectations rule, under FRE 803. He can also testify to his submittal of any proposed break changes submitted to him by the Plaintiff in which he was to submit to the Board.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 16
**(Motion to Bar Undisclosed and Inadequately Disclosed Lay Witnesses Identified on Plaintiff's Trial Witness List))**

The Plaintiff did properly disclose Sonnada Smith, also spelled Shoshanna Smith in some of the Plaintiff's documents, Trumaine Reeves, also spelled Tremaine Reeves in some of the Plaintiff's documents in her Rule 26 disclosures and interrogatories. Secondly, she referenced and identified each of the above individuals in her deposition on August 29, 2017. (Ex. A). In addition, she named David Reyes (88:16, 180:11, 245:10,14, 253:3, 294:7), Ceasar Perez (88:10, 154:20,24, 155;10,11, 194:19, 23), and each of her treating physicians. Furthermore, the Defendant subpoenaed medical records from each of her treating physicians including Dr. Klor Gross, also listed as Dr. Klor Glass, and Dr. Gary Ogurkiewicz. Thus, the Defendant had able time to review the record to determine if they wanted to depose each of these witnesses or not. Majority of the Plaintiff's disclosed witnesses are currently employed with the Board, and was in 2017, and the Board had access to these induvial as they are employees of the Board.

Ms. Sonnada Smith contact information was confirmed with counsel for the Board on August 28, 2017 via email. *Please see* attached Ex. B. The Plaintiff produced several emails between her and Mr. Reeves in which the Defendant had sufficient evidence of his firsthand knowledge and involvement in this matter. If they wanted to depose him, they would have done so in 2017. Each of the above witness testimony is relevant to the Plaintiff's claims and each

3

witness have firsthand knowledge of these claims. This includes the treating physicians of Plaintiff that were disclosed in her initial disclosures, her interrogatories, her medical records, and her deposition. Barring these witnesses' testimony would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No.16 should be denied. In the alternative the Plaintiff seek leaves to properly name each of the previously disclosed witnesses with the proper spelling of their names as listed in several production documents and during the Plaintiff's deposition.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 17**
**(Motion to Bar Undisclosed and Inadequately Disclosed Expert Witnesses Identified on Plaintiff's Trial Witness List)**

It is the Plaintiff's position that she has no objection to Dr. Ogurkiewicz and Dr. Klor Gross, incorrectly named as Dr. Klor Glass in the proposed pretrial order, being excluded as expert witnesses. They will serve as fact witnesses and discuss their treatment of the Plaintiff. Both treating physicians were disclosed in interrogatories responses, both were disclosed in medical records and deposition. We are offering as fact witnesses

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 18**
**(Motion to Limit the Applicable Time Frame to Cover the Scope of Plaintiff's Claims Before the Jury)**

Due to the pending motion the Plaintiff cannot agree to limit the scope of the time frame to April 29, 2015 forward. In the event the Defendant's motion is denied and the Plaintiff is allowed to present evidence of her FMLA and ADA retaliation claims before the jury then the Plaintiff would like to include prior charges of discrimination and complaints the Plaintiff made to her employer and outside agencies prior to April 29, 2015.

In the event the court grants the Defendant's Motion to Strike the Jury as it relates to the Plaintiff's ADA and FMLA claims then the Plaintiff can agree to limit the scope of her claims to April 29, 2015 and later.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 19
### (Motion to Bar the Introduction of Evidence Relating to Plaintiff's Communications with the Board's EOCO About Any Claim Other Than Her ADA Failure to Accommodate Claim)

As stated in the above response the motion to strike the jury demand is still outstanding and it is a possibility that the Plaintiff would be able to present evidence of protected activity to the jury. This protected activity includes the Plaintiff's contact and/or complaints made to the Board's EOCO department; including Connie (Donna) Leak. It is relevant to this matter as it relates to the timing of the Plaintiff's initial attempts to make an ADA request and complaint. It is also relevant to the content of the initial complaint to help determine whether or not it would be considered protected activity. This is a question of fact and is relevant to an element to the Plaintiff's claim. Barring testimony or evidence would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No.19 should be denied.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 20
### (Motion to Bar Any Discussion of Damages Other Than Compensatory Damages to The Jury)

While the Plaintiff can acknowledge that she is precluded from punitive damages because of the Board being a municipality. The Plaintiff believes such discussion of lost income and time off work is relevant and important for the jury to hear in order to determine pain and suffering amount in this matter. Barring testimony or evidence would severely prejudice the Plaintiff,

whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No.20 should be denied.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 21
**(Motion To Exclude any materials and/or discussion regarding the Plaintiff and Sedgwick)**

The Defendant moves this Court to bar any discussion, evidence, argument, or testimony, including the introduction of any materials or communications between Plaintiff and Sedgwick CMS ("Sedgwick"), a third-party vendor that was previously in charge of handling short-term disability benefit requests from Board employees and any discussions regarding short-term disability benefits with Sedgwick or the Board's Office of Employee Engagement ("OEE"). The Plaintiff objects to the Defendant's request under Motion in *Limine* 21.

In the Defendant's argument it acknowledges that "the only relevance Plaintiff's short-term disability benefits have is with respect to Plaintiff's mitigation and her damages. However, that information is for the Judge and not the jury." See *Dkt*. 124. The Plaintiff agrees that Plaintiff's short-term disability is relevant in this matter and cannot agree to waive such testimony. The Plaintiff cannot agree that this information is for the Judge and not the jury considering this Court has yet to rule on the Defendant's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Retaliation Claims (ECF No. 100). Furthermore, the Plaintiff's communication, approved short-term disability leave, documents submitted in order to get approved for such leave, and any related information tend' to make the fact of consequence more probable. This information is relevant to element one of the Defendant's cited elements in *Dkt*. 124. Thus, it goes to the issue of qualified as it relates to her time off during her short-term leave. Barring testimony or evidence regarding the Plaintiff's short-term disability benefits with Sedgwick or the Board's Office of Employee Engagement would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No. 21 should be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 22**
**(Motion to Bar the Introduction of Non-Authenticated Photographs)**

The Defendant motions this court to bar Plaintiff from introducing unauthenticated photographs taken at unknown dates, times, and locations by unknown individuals and to bar Plaintiff from offering evidence at trial or making arguments to the jury related to those photographs. The Plaintiff can agree to not to introduce any photographs deemed unauthenticated because of unknown information. However, the Plaintiff cannot agree to bar witness testimony from those who can properly authenticate the photos including the date, time, and location of the photos. Plaintiff has informed the Defendant's that Sonnada Smith was the producer of the photos. She would be able to testify and answers "questions "that could be answered only by the [person] who produced" the photographs." *Griffin v. Bell*, 694 F.3d 817, 827 (7th Cir. 2012). Per FRE 901(b)(1) testimony from a witness with knowledge would be an exception to the Defendant's position. Thus, the Plaintiff is relying on testimony of the previously disclosed trial witness Sonnada Smith to identify and authenticate any and all photos in which she took and sent to the Plaintiff. This would include testimony on the date, time, and location the photographs were taken and sent to the Plaintiff.

Lastly, the Defendant rest its argument on the idea that "Plaintiff has not disclosed a witness with knowledge concerning when, where, how, or on what date and time the photographs were taken" and "the time has passed to make such a disclosure and any late disclosure would result in unfair prejudice the Board, which will not be permitted to depose any witness with any such alleged knowledge prior to trial. However, the Defendant had ample time to investigate and obtain further information regarding the photos and any witness with first-hand knowledge of the photos. This includes the Defendant's counsel opportunity to obtain this information at the Plaintiff's deposition. The Plaintiff disclosed in her deposition that she had received various photos from

coworkers while she was on break. (Ammons Dep., Pg. 280:20-281-:3;298:1-19). However, Defendant's counsel asked no further questions about which coworkers texted her the photos. In fact, Defendant's counsel rejected Plaintiff's opportunity to show him the text messages on photos on her phone during the actual deposition. *Id*. Secondly, the Plaintiff sent the Defendant's counsel a copy of the photos that identified the employee and the date of the photo and the Defendant's counsel failed to serve supplemental request regarding the photos or text messages.

Barring testimony or evidence regarding the Plaintiff the opportunity to put on witness testimony to authenticate photos and/or text messages she received with the attached photos would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No. 22 should be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 23**
**(Motion to Bar Evidence of Plaintiff's "Good Character")**

The Defendant's Motion in *Limine* 23 seeks to bar the Plaintiff from introducing evidence at trial as to her "good" character. Such evidence may include personal and professional accomplishments, such as serving as a foster parent. However, the Plaintiff's personal and professional accomplishments and her role as a foster parent is essentially her basic biographical and personal information. Furthermore, such information goes to an essential element of the case. The second element of the Plaintiff's discrimination claim seeks information to determine if she was qualified for her Security Officer position. Per several job descriptions produced by both the Plaintiff and the Defendant, which is a part of the Agreement, several items under qualifications and skills addresses the Plaintiff's character directly.

Those skills and qualifications include the following: Build positive and professional relationships with students and leverage those relationships to establish and maintain productive and safe learning environments; proficient with teamwork and aborting with

colleagues and administration; ability to work with adolescents in maintaining a positive and safe school culture; sound judgment and ethical practice; human relations; exercise dignity and respect within interacting with students at all times; and to build positive and professional relations. Such information would be used during testimony to establish the Plaintiff's background, biographical, personal, and professional information. No character evidence would be used to prove that on a particular occasion the person acted in accordance with the character or trait. Barring testimony or evidence regarding the Plaintiff's "good character" would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No. 23 should be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 24**
**(Motion to Bar Lay Witness from Giving Medical Opinions)**

Per the Defendant's Motion in *Limine* 24, it moves this Court to bar lay witnesses from giving medical opinions. The Plaintiff can agree that herself or other layperson should be barred from testifying or making remarks and/or arguments or opinions regarding the causation of any alleged medical conditions, diagnosis, future prognosis, and future medical expenses as it relates to Plaintiff's alleged medical conditions. However, that is with the idea that the Defendant acknowledges the Plaintiff's previously disclosed treating physicians as experts and/or opinion witnesses. This includes the following treating physicians: Elizabeth Klor Glass and Dr. Gary Ogurkiewicz. These individuals may testify to the diagnosis or condition observed first hand and any medical opinion rendered during their treatment of the Plaintiff. Barring testimony or evidence from the Plaintiff's previously disclosed treating physician would severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No. 24 should be denied.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 25**
**(Motion to Bar Evidence of Other, Unrelated Litigation Involving the Board).**

Per the Defendant's Motion in *Limine* No. 25 it moves this Court to bar discussion, evidence, or inference regarding any unrelated litigation involving the Board.

The Plaintiff has no objection to this motion.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 26
**(Motion to Bar Evidence of Alleged Discrimination Faced by Them or Other Board Employees)**

Per the Defendant's Motion in *Limine* No. 26 it moves this Court to bar discussion, evidence, or inference regarding any alleged discrimination, harassment, and/or retaliation faced by other Board employees. In support of this Motion, the Board states as follows: Plaintiff and any other witness should be barred from offering speculative testimony or discussion regarding any alleged discrimination faced by them or other Board employees.

The Plaintiff has no objection to this motion.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* NO. 27
**(Motion to Bar Speculative Testimony Re: Other Security Guard Having a Chair/Or Sitting Down While Working)**

Per the Defendant Motion in *Limine* No. 27 it moves this Court to bar Plaintiff or any other witness from speculating as to other security guards having a chair and/or sitting down while working. During her deposition Plaintiff speculates as to whether other security guards, at Curie and other schools, were able to sit down while working and/or whether they had a chair.

The Plaintiff have no objection as to the Plaintiff or any of her witnesses providing speculative testimony regarding other security guards/officers having a chair and/or sitting down while working. However, the Plaintiff does not agree to bar any testimony from any witness based on first hand knowledge they each possess based on personal observations. Barring testimony or evidence regarding the Plaintiff the opportunity to put on witness testimony to give testimony regarding their personal observation and knowledge of things they personally witnessed would

severely prejudice the Plaintiff, whereas allowing such testimony and evidence will supply critical evidence to the jury. Defendant's Motion *in Limine* No. 27 should be denied.

**Dated**: March 15, 2019

Respectfully submitted,

By: __/s/__ Chiquita Hall-Jackson_____

Chiquita Hall-Jackson
Attorney for Plaintiff

Chiquita Hall-Jackson
Hall-Jackson & Associates P.C.
166 W. Washington Street Suite 275
Chicago, IL 60602

## CERTIFICATE OF SERVICE

The undersigned and attorney, certifies that a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN *LIMINE*** was served March 15, 2019 on the following person (s) via electronic mail:

Christina Jaremus
Assistant General Counsel
Board of Education of the City of Chicago-Law Department
1 North Dearborn, Suite 900
Chicago, IL 60602
Email: cjaremus@cps.edu


/s/ Chiquita Hall-Jackson

11